IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARL R. FRANKLIN, | § | |
| | § | |
| Plaintiff, *Pro Se* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-1153-P |
| | § | |
| PROSPECT AIRPORT SERVICES INC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**I.   STATEMENT OF THE CASE**

Plaintiff Carl R. Franklin ("Franklin"), proceeding *pro se*, filed this action against Prospect Airport Services Inc., ("Prospect") [doc. 1]. Franklin's Complaint states, *in its entirety*: "Racial equity employment discrimination; I believe I was more qualified and just as qualified in the position of electric cart drivers at DFW Airport, but denied employment due to my race (I'm not Anti-Middle Easterns Anti-Muslim, Anti-White, but Anti-discrimination)." (Complaint ("Compl.") at 1) (mistakes in original).

In response, Prospect filed a Motion to Dismiss for Failure to State a Claim ("Motion"), argueing that Franklin failed to identify the statutory or common law claim under which he brings this action. (Defendant's Motion [doc. 19] ("Def.'s Mot.") at 2). Further, Prospect argues that,

even if the Court were to construe Franklin's Complaint to bring a valid discrimination action, he has failed to allege any of the required elements or any factual basis to support such elements. (Def.'s Mot. at 3-4).

Thereafter, Franklin filed a response (entitled "Motion to Deny Dismissal" [doc. 22]), which states *in its entirety*:

> There is supportive evidences of my qualification as an electric cart driver awards by both [Prospect] and ABM Aviation as a model employee, however under new management Prospect disregards subsequent honors. Informed by Prospect due to my previous employment with them my application is pending check back; each times I enquired they informed me my App was still pending. However other previous employees which was several, were immediately hired. The racial ratio as a Black American U.S. citizen is not represented then, even now as well.

(Plaintiff's Response ("Pl.'s Resp.") at 1-2) (mistakes in original).

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is generally viewed with disfavor. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim satisfies the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007)

(citation omitted). The "[f]actual allegations . . . must be enough to raise a right to relief above the speculative level." *Id.* When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

When ruling on a 12(b)(6) motion to dismiss, the court must accept all well-pled facts in the complaint as true and view them in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). In rendering a decision on a 12(b)(6) motion, the court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Additionally, the court may consider "'[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Accordingly, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court when ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Finally, it is well-established and "clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question for the court is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pled facts of a complaint are to be accepted

as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Additionally, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). Finally, although "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers," *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981), the pleadings must still show specific, well-pled facts, "not mere conclusory allegations to avoid dismissal." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)). The court's task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). Accordingly, if the pleadings fail to state more than a mere possibility of misconduct, then no viable claim has been stated, and the pleadings are subject to dismissal.

### III.   ANALYSIS

As set forth above, Franklin filed this suit against Prospect on December 29, 2022 [doc. 1]. Because the Court gave Franklin a chance to amend his complaint prior to ruling on Defendant's Motion [*see* doc. 27]—an opportunity he did not take—the Court concludes that Franklin has pled his best case.

Construing Franklin's Complaint liberally, the Court finds that Franklin is attempting to allege some sort of disparate treatment employment discrimination claim. To allege a disparate treatment claim, Franklin must plead that he: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *See, e.g., McCoy*

4

*v. Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Franklin need "'not make out a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim.'" *Cicalese v. Uni. of Tex. Medical Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). The Fifth Circuit has explained that a district court errs by requiring "'a showing of each prong of the *prima facie* test for disparate treatment at the pleading stage[.]'" *Id.* The Fifth Circuit has also explained that, although plaintiffs do not "have to submit evidence to establish a *prima facie* case of discrimination at this stage, [they must] plead sufficient facts on all of the *ultimate elements* of a disparate treatment claim to make [their] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (emphasis added). The Fifth Circuit has stated that the ultimate elements of a disparate treatment claim are "'(1) an adverse employment action' (2) taken against a plaintiff 'because of [his] protected status'" *See Cicalese*, 924 F.3d at 767 (quoting *Raj*, 714 F.3d at 331) (explaining a plaintiff must allege "facts, [either] direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's] race or national origin or that [the employer] treated similarly situated employees of other races or national origin more favorably"). Thus, the ultimate question for the Court is whether Franklin has sufficiently plead these two elements.

Franklin alleged in his Complaint that he was "denied employment because of his race." (Pl.'s Compl. at 1). While conclusory, viewing the allegation in a light most favorable to Plaintiff, he has alleged that he was not hired by Prospect. Declining to hire someone constitutes an adverse employment action. *See, e.g., Hamilton v. Dallas County*, No. 21-10133, 2023 WL 5316716, *6 (5th Cir. 2023) (*en banc*) (holding that to plead an adverse employment action, a plaintiff need

only allege facts plausibly showing discrimination in hiring, firing, compensation, or in the terms, conditions, or privileges of his employment.). Accordingly, Franklin has sufficiently pled an adverse employment action by Prospect, and thus, has satisfied the first element.

As to the second element, to support his allegation that the adverse action was taken against him because of his protected status, Franklin asserts that: (1) he was not hired "due to [his] race;" and (2) "the racial ratio . . . is not represented." (Pl.'s Compl. at 1; Pl.'s Resp. at 2). As stated above, Franklin is required to allege "facts, [either] direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's] race or national origin or that [the employer] treated similarly situated employees of other races or national origin more favorably." *Raj*, 714 F.3d at 331. The Fifth Circuit has found that plaintiffs have pled sufficient facts to nudge their claims across the line when they pled detailed events leading up to the adverse employment action such as relevant dates, discriminatory statements, the ages and nationalities of some of the persons involved in the employment decision, and the races, ages, or nationalities of the employees retained or hired by the company. *See Cicalese,* 924 F.3d at 768; *see also Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405–06 (5th Cir. 2005); *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

In this case, Franklin's allegations are conclusory, and he has pled no facts to support them. He has not alleged facts to show that there was any racial animus towards him, that those hired instead of him are of a difference race, nor any other facts that could lead the Court to the conclusion that the adverse employment action of which he complains was the result of discrimination. Accordingly, the Court finds that Franklin has failed to allege sufficient facts to support his claim, and the Court recommends the dismissal of Franklin's claim with prejudice.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Prospect's Motion to Dismiss [doc. 19] should be **GRANTED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 20, 2023**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket for the United States District Judge.

SIGNED September 6, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/jrg